UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA FLORA,

    Plaintiff,                                        Civil Action No. 13-CV-13362

vs.                                              HON. BERNARD A. FRIEDMAN

LG ELECTRONICS U.S.A., INC.,

    Defendant.
_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND

This matter is presently before the Court on plaintiff's motion for remand [docket entry 7]. Defendant has filed a response in opposition and plaintiff has filed a reply. Pursuant to E.D. Mich. 7.1(f)(2), the Court shall decide this motion on the briefs.

Plaintiff commenced this action in Wayne Circuit Court on June 28, 2013. Defendant acknowledges it was served with process by certified mail on July 2, 2013. *See* Def.'s Resp. Br. at 1. Defendant removed the matter to this Court 34 days later, on Monday, August 5, 2013. Plaintiff argues the case should be remanded because the removal notice was filed after the 30-day deadline imposed by 28 U.S.C. § 1446(b).[1] In response, defendant argues that the removal was timely

---

[1] Section 1446(b)(1) states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

because under Fed. R. Civ. P. 6(d)[2] it had 33 days, not 30, after being served with process to file its removal notice; and that since in this case the 33rd day post-service was a Sunday, under Fed. R. Civ. P. 6(a)(1)(C)[3] the filing deadline was extended to the next day, i.e., Monday, August 5, 2013.

As is often said, "[r]emoval statutes are strictly construed with all doubts resolved against removal." *Sollitt v. KeyCorp*, 463 F. App'x 471, 473 (6th Cir. 2012). Further, "[t]he party seeking removal bears the burden of establishing its right thereto." *Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). In the present case, defendant has not met this burden, and to the extent there is any doubt about the matter it must be resolved in favor of remand.

---

[2] Rule 6(d) states:

> **Additional Time After Certain Kinds of Service**. When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

[3] Rule 6(a) states:

> **Computing Time.** The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
>
> **(1)** *Period Stated in Days or a Longer Unit.* When the period is stated in days or a longer unit of time:
>
> \*   \*   \*
>
> **(C)** include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

The "three extra days" added in some circumstances by Fed. R. Civ. P. 6(d) do not extend the 30-day removal period when, as in the present case, that period begins to run from service of process.[4] Under Rule 6(d), three days are added only "[w]hen a party may or must act within a specified time after service *and service is made under Rule 5(b)(2)(C), (D), (E), or (F) . . . .*" Fed. R. Civ. P. 6(d) (emphasis added). In the present case, service was made under Rule 4, not Rule 5. As one commentator has noted, Rule 5 "dictates the manner in which parties . . . shall be served with all papers and pleadings subsequent to the service of the summon[s] and the original complaint and directs the filing of those papers; service of the summons and the original complaint is governed by Rule 4." 4B C. Wright & A. Miller, *Federal Practice and Procedure* § 1141, p. 410 (2002). In other words, Rule 4 governs the service of process while Rule 5 governs the service of all papers thereafter. Rule 5(a) identifies the "papers" to which it applies, and the only pleadings mentioned are those "filed *after the original complaint*." Fed. R. Civ. P. 5(a)(1)(B) (emphasis added). Clearly Rule 5(b), which describes the manner of accomplishing service "under this rule," Fed. R. Civ. P. 5(b)(1) & (2), does not apply to service of process, which is governed by Rule 4. *See Hides v. City of Fort Wayne*, 2006 WL 3833357, at *4 n.4 (N.D. Ind. Dec. 18, 2006) (noting that "Rule 6(e) [now Rule 6(d)] refers to Rule 5(b), which only applies under Federal Rule of Civil Procedure 5(a) to the service of "pleading[s] subsequent to the original complaint."). For Rule 6(d) to extend the removal period as defendant suggests, the rule would have to be rewritten. The word "under" in the clause "and service is made under Rule 5(b)(2)(C), (D), (E), or (F)," would have to be replaced with "in

---

[4] The result may be different when "the case stated by the initial pleading is not removable" and the removal period subsequently begins to run upon defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). This scenario is not present in the instant case and the Court has no occasion to comment on it.

the manners described in." Alternatively, the words "or under Rule 4" would have to be added at the end of the clause. In any event, as currently written Rule 6(d) clearly does not apply when, as in the present case, the period during which a party "may or must act" is triggered by service of process.

Since the 30-day removal period in the present case began to run when defendant was served with process under Rule 4, *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999), the "three extra days" provision of Rule 6(d) is inapplicable. While defendant cites two cases in which the court applied this provision to extend the removal period, in neither case did the court offer a reasoned explanation for doing so. In *Rishell v. Standard Life Ins. Co.*, 2009 WL 395884, at *2 (W.D. Mich. Feb. 13, 2009), the court gave no explanation for adding the three days and only commented that "the rule makes little sense in the age of electronic filing and service . . ." In *Grossman v. ABC Appliance, Inc.*, 1999 U.S. Dist. LEXIS 2786, at *5 (E.D. Mich. Feb. 9, 1999), the court simply asserted, without explanation or citation to authority, that "the thirty day period outlined in section 1446(b) is extended by three days where service was accomplished through the mail." In neither case did the court acknowledge that the removal period was triggered in both cases not by service of papers under Rule 5 but by service of process under Rule 4. Nor did either court offer any justification for applying Rule 6(d) to deadlines triggered by service under any rule other than Rule 5(b), as Rule 6(d) dictates.

The Court concludes that the removal notice in this matter was filed after the 30-day statutory deadline. To the extent there is any doubt about the matter, the doubt must be resolved in plaintiff's favor. Accordingly,

4

IT IS ORDERED that plaintiff's motion for remand is granted.

          S/ Bernard A. Friedman_____
          BERNARD A. FRIEDMAN
          SENIOR UNITED STATES DISTRICT JUDGE

Dated: September 9, 2013
       Detroit, Michigan